Mike Arias, Esq. (CSB #115385)
Mark A. Ozzello, Esq. (CSB #116595)
**ARIAS, OZZELLO & GIGNAC, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
(310) 670-1600
(310) 670-1231 (Fax)
mozzello@aogllp.com
Attorneys for Relator

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA; THE STATE OF CALIFORNIA *ex rel.* DANIEL OJEDA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX GLADKOV, D.D.S., INC., a California corporation; ALEXANDER GREGORY GLADKOV, an individual; DENTAL HYGIENE ASSOCIATES, a California corporation; AARON BENJAMIN BENITEZ, an individual; and DOES 1 through 10 , inclusive, <br><br> Defendants. | CASE NO. CV09-9348 RGK (SHx) <br><br> **COMPLAINT FOR:** <br><br> 1. **VIOLATION OF THE FALSE CLAIMS ACT** [FCA, 31 *U.S.C.* § 3729-3733 and *Cal. Gov't Code* §§ 12651, *et seq.*]; <br><br> 2. **CONSPIRACY TO DEFRAUD TO GOVERNMENTS OF THE UNITED STATES OF AMERICA AND STATE OF CALIFORNIA** [FCA, 31 *U.S.C.* § 3729-3733 and *Cal. Gov't Code* §§ 12651, *et seq.*; <br><br> **FILED UNDER SEAL PURSUANT TO 31 U.S.C. 3730(b)(2)** <br><br> **DEMAND FOR JURY TRIAL** |

DOCKETED ON CM

DEC 22 2009

BY_____ 067

**COMPLAINT**

# I.

## JURISDICTION AND VENUE

1.    Jurisdiction.    This court has jurisdiction over the federal law claims pursuant to 31 *U.S.C.* §§ 3730(b)(1) and 3732, and 28 *U.S.C.* §§ 1331 and 1345.  This Court has jurisdiction over the state law claims pursuant to 28 *U.S.C.* §1367(a), and 31 *U.S.C.* §3732, because the state law claims are directly related to the federal claims and form a part of the same case or controversy between the parties.

2.    Venue. Venue is proper in this District pursuant to 31 *U.S.C.* §§ 3730(b)(1) and 3730, which provide that any action under 31 *U.S.C.* §3729 may be brought in any judicial district in which the Defendant, or in the case of multiple Defendants, any one Defendant can be found, resides, transacts business or in which any act prescribed by Section 3729 occurred. Defendants ALEX GLADKOV, D.D.S., INC.; ALEXANDER GREGORY GLADKOV (a.k.a. ALEXANDRE GREGORY GLADKOV); DENTAL HYGIENE ASSOCIATES; and AARON BENJAMIN BENITEZ are qualified to do business in the State of California, conduct substantial business in the State of California, and transact business in this District.

3.    A copy of this Complaint and written disclosure of substantially all material written evidence and information the Relator possesses, has been served on the United States Government pursuant to Rule 4(i) of the *Federal Rules of Civil Procedure*. Concurrently, *qui tam* Relator has served a copy of the Complaint and written disclosure of substantially all material evidence and information the *qui tam* Relator possesses upon the Attorney General of the State of California, by mail, with return receipt.  This Complaint is filed *in camera*, under seal, and may not be served upon the Defendants until further order of the Court.

///

ARIAS, OZZELLO & GIGNAC, LLP

## II.

## THE PARTIES

### A.    Relator

4.    *Qui tam* Relator DANIEL OJEDA ("OJEDA" or "Relator"), is and was, at all relevant times mentioned herein:

(a)    A resident of Los Angeles County, California;

(b)    Employed by Defendant ALEX GLADKOV, D.D.S., INC. from January 29, 2007 to June 13, 2008;

(c)    Brings this lawsuit as a relator on behalf of the United States of America pursuant to 31 *U.S.C.A.* §§ 3729, 3730(b)(1) and 3730(h), *et seq.*; and,

(d)    Brings this lawsuit on behalf of the State of California pursuant to *Cal. Gov't Code* §§ 12651, 12652(c)(1) and 12653.

5.    This action is brought on behalf of the United States of America and the State of California to recover all damages, penalties and other remedies established by, and pursuant to, 31 *U.S.C.* §§3729 to 3733, and *Cal. Gov't Code* 12651, *et seq.*, respectively.  Relator asserts entitlement to a portion of any recovery obtained by the governments of the United States of America and the State of California, as a *qui tam* plaintiff and as authorized by 31 *U.S.C.* §3730, et seq., and *Cal. Gov't Code* 12652, *et seq.*, respectively.

### B.    Defendants

6.    Relator is informed and believes, and based upon that information and belief alleges, that Defendant ALEX GLADKOV, D.D.S., INC. ("GLADKOV INC.") is, and at all times herein mentioned was:

(a)    A California corporation authorized to conduct, and actually conducting, business in the County of Los Angeles, State of California;

(b)    Received, and continues to receive, monies each year from the government of the United States of America for medical and/or health

**COMPLAINT**

services;

     (c)    Received, and continues to receive, monies each year from the government of the State of California for medical and/or health services; and

     (d)    Involved in and/or committed the wrongful and unlawful acts alleged herein.

7.    Relator is informed and believes, and based upon that information and belief alleges, that Defendant ALEXANDER GREGORY GLADKOV (a.k.a. ALEXANDRE GREGORY GLADKOV) ("GLADKOV") is, and at all times herein mentioned was:

     (a)    A resident of Los Angeles County, State of California;

     (b)    Licensed to practice dentistry in the State of California, License No. 40822;

     (c)    President and sole owner of GLADKOV INC.;

     (d)    Committed and directed the wrongful and unlawful acts alleged herein.

8.    Relator is informed and believes, and based upon that information and belief alleges, that Defendant DENTAL HYGIENE ASSOCIATES ("DHA") is, and at all times herein mentioned was:

     (a)    A California corporation authorized to conduct, and actually conducting, business in the County of Los Angeles, State of California;

     (b)    Received, and continues to receive, monies each year from the government of the United States of America for medical and/or health services;

     (c)    Received, and continues to receive, monies each year from the government of the State of California for medical and/or health services; and

     (d)    Is involved in and/or committed the wrongful and unlawful

ARIAS, OZZELLO & GIGNAC, LLP

COMPLAINT

acts alleged herein.

9.    Relator is informed and believes, and based upon that information and belief alleges, that Defendant AARON BENJAMIN BENITEZ ("BENITEZ") is, and at all times herein mentioned was:

      (a)    A resident of Los Angeles County, State of California;

      (b)    Licensed as a Registered Dental Hygienist in the State of California, RDA License No. 19052;

      (c)    Licensed as a Registered Dental Hygienist in Alternative Practice in the State of California, HAP License No. 173;

      (d)    President and sole owner of DHA;

      (e)    Committed and directed the wrongful and unlawful acts alleged herein.

9.    Relator is unaware of the true names, identities and capacities of Defendants sued herein as DOES 1 through 10. Relator will amend this Complaint to allege the true names and capacities of DOES 1 through 10 when they are ascertained. Relator is informed and believes, and based upon that information and belief alleges, that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and has proximately caused injuries and damages to Relator and to the governments of the United States of America and the State of California as alleged herein.

10.    Relator is informed and believes, and based upon that information and belief alleges, that each of the Defendants, including DOES 1 through 10, was the agent, ostensible agent, servant, representative, associate, borrowed servant, employee and/or joint venturer of each other Defendant, and at all relevant times was acting in the course and scope of such agency, service, employment and/or joint venture, and with the consent, permission and/or ratification of the co-defendants, and each of them.

COMPLAINT

ARIAS. OZZELLO & GIGNAC, LLP

11. Relator is informed and believes, and based upon that information and belief alleges, that:

    a. Defendant GLADKOV INC. is, and at all relevant times was, a mere shell without capital, assets, interests or shareholders;

    b. Defendant GLADKOV INC. is, and at all relevant times was, the alter ego of Defendant GLADKOV, and DOES 1 through 10, inclusive, and each of them, who were the shareholders, controlling shareholders, officers, and/or directors of Defendant GLADKOV INC.;

    c. There is, and at all relevant times was, a unity of interest and/or ownership between all of these Defendants so that any individuality or separateness between them has ceased to exist in that Defendant GLADKOV INC. was and is under their control and domination; and

    d. Defendant GLADKOV INC. is, and at all relevant times was, completely controlled, dominated, managed and operated by Defendant GLADKOV and DOES 1 through 10, inclusive, and each of them, so that Defendant GLADKOV INC. was a mere shell, instrumentality and/or conduit through which each of these Defendants conducted some or all of their/its business. Adherence to the fiction of the separate existence of Defendant GLADKOV INC. as an entity distinct from Defendant GLADKOV and DOES 1 through 10, inclusive, or any of them, would permit an abuse of the limited liability privilege and sanction fraud or promote injustice in that, among other things, it would enable each of these Defendants to avoid liability and to

ARIAS, OZZELLO & GIGNAC, LLP

COMPLAINT

defraud his, her or its creditors, the effect of which would be to render each Defendant financially unable to respond to a monetary judgment awarded against each or any of them in this action.

12. Relator is informed and believes, and based upon that information and belief alleges, that:

  a. Defendant DHA is, and at all relevant times was, a mere shell without capital, assets, interests or shareholders;

  b. Defendant DHA is, and at all relevant times was, the alter ego of Defendant BENITEZ, and DOES 1 through 10, inclusive, and each of them, who were the shareholders, controlling shareholders, officers, and/or directors of Defendant DHA;

  c. There is, and at all relevant times was, a unity of interest and/or ownership between all of these Defendants so that any individuality or separateness between them has ceased to exist in that Defendant DHA was and is under their control and domination; and

  d. Defendant DHA is, and at all relevant times was, completely controlled, dominated, managed and operated by Defendant BENITEZ and DOES 1 through 10, inclusive, and each of them, so that Defendant DHA was a mere shell, instrumentality and/or conduit through which each of these Defendants conducted some or all of their/its business. Adherence to the fiction of the separate existence of Defendant DHA as an entity distinct from Defendant BENITEZ and DOES 1 through 10, inclusive, or any of them, would permit an abuse of the limited liability

**COMPLAINT**

ARIAS, OZZELLO & GIGNAC, LLP

privilege and sanction fraud or promote injustice in that, among other things, it would enable each of these Defendants to avoid liability and to defraud his, her or its creditors, the effect of which would be to render each Defendant financially unable to respond to a monetary judgment awarded against each or any of them in this action.

13.    Defendants GLADKOV INC.; GLADKOV; DHA; BENITEZ; and DOES 1 through 10, inclusive, are herein collectively referred to as "Defendants."

## III.
## INTRODUCTION

14.    Relator brings this *qui tam* suit as relator on behalf of the United States of America and the State of California, alleging that Defendants knowingly falsified medical records, specifically dental records, and intentionally submitted inaccurate and false billing records to the governments of the United States of America and the State of California, in violation of 31 *U.S.C.* §§ 3729-3733 and *Cal. Gov't Code* § 12651, *et seq.*

15.    Defendants operated a dental facility under the trade name "*Dental Care on Premises*," which provided dental services to patients, most of whom were recipients of Medicare and Medi-Cal benefits, which patients Defendants visited at various locations outside of Defendants' offices, such as nursing homes, rehabilitation homes, psychiatric units, and private homes.    [Think "Meals on Wheels" for dentistry.]    In fact, and based upon information and belief, Relator alleges that Defendants specifically targeted and sought out, patients who were recipients of Medicare and Medi-Cal benefits.

16.    Defendant GLADKOV is the founder and owner of Defendant GLADKOV INC.  Defendant GLADKOV was the primary dentist at *Dental*

ARIAS, OZZELLO & GIGNAC, LLP

COMPLAINT

1      *Care on Premises*, and he directed the work of all employees, including all
2      licensed dentists and other dental assistants, and he dictated the billing for
3      services and the filing of claims to the respective governmental agencies.

4          17.     The Medicare and Medi-Cal programs are administered by the
5      Governments of the United States of America and the State of California,
6      respectively. The submission of billings and claims to Medicare and Medi-Cal
7      transpires in a very regulated fashion.

8          18.     The Medicare program is administered by the United States of
9      America Department of Health and Human Services through the Health Care
10    Financing Administration ("HCFA"), and is a federally subsidized medical
11    insurance program which pays a portion of its insureds' medical expenses.
12    Medicare serves as the primary payor when the patient has secondary
13    insurance coverage, such as Medi-Cal, AARP or private insurance. In the
14    absence of secondary insurance coverage, the patient is responsible for the
15    percentage of bills which Medicare does not cover. The United States
16    Government contracts with private physicians, hospitals, medical facilities,
17    dental facilities, etc., such as *Dental Care on Premises* and reimburses patient
18    medical expenses through the HCFA.

19          19.     The Medi-Cal program is administered by the California
20    Department of Health Services. The Medi-Cal program is similar to the
21    Medicare program, however, Medi-Cal serves as primary payor when there is
22    no other insurance and the patient qualifies under a particular category, such as
23    indigent, dependent children, elderly, or the disabled. Medi-Cal reimburses
24    medical and dental facilities at fixed rates the health care providers have
25    agreed to accept as payment.  By way of example, Medi-Cal reimburses dental
26    services at the least of the following four rates:  (a) the amount billed; (b) the
27    charge to the general public; (c) Medicare's maximum allowance; or (d) the
28    amount set forth by regulation. *See Cal. Code Regs., tit.* 22, § 51529(a)(2).

ARIAS, OZZELLO & GIGNAC, LLP

COMPLAINT

20.   The United States Department of Health and Human Services, and the California Department of Health Services, have adopted regulations governing Medicare and Medi-Cal payments to dentists and dental facilities such as Defendants.   To become a Medicare and/or Medi-Cal provider, a dental facility must submit an application to the respective governmental agency and be accepted by that agency.   Pursuant to Medicare and Medi-Cal requirements, dentists and dental facilities such as Defendants, may bill Medicare and Medi-Cal directly for services performed on Medicare and Medi-Cal beneficiaries. The dentists, however, may not "mark up" such charges.

21.   Relator is a former employee of Defendants and has first-hand knowledge of the unlawful acts of Defendants as expressed herein.

22.   Defendants engaged in a practice of making false claims to the governments of the United States of America and the State of California, by mis-characterizing dental treatment and procedures, and by not actually rendering services which these Defendants represented they had provided to Medicare and Medi-Cal patients.   Relator alleges that Defendants, by overcharging the governmental agencies for some services which were rendered, and/or billing for other services which were never rendered, conspired among themselves to obtain unearned monies from the Medicare and Medi-Cal programs. [For more detail please refer to "Factual Allegations" section, *infra*.]

23.   Relator seeks to end these unlawful practices and to recover compensatory, liquidated, and punitive damages.   The governments of the United States of America, as well as the State of California, have been defrauded out of a substantial amount of money [tens of millions of dollars by Relator's estimation], and Defendants are liable to the governments of the United States of America and the State of California, for three times the amount of all such sums paid for the false claims submitted by Defendants.

ARIAS, OZZELLO & GIGNAC, LLP

COMPLAINT

Defendants are also liable for mandatory civil penalties and for prejudgment and post-judgment interest, all of which penalties attach to the amounts improperly paid by Medicare and Medi-Cal. In addition, Relator seeks injunctive and all other appropriate equitable relief.

## IV.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

24.    Relator has direct and independent knowledge of the facts set forth in this Complaint. Those facts, as articulated and alleged herein, have not been "publicly disclosed" as that term is defined under the False Claim Act 31 *U.S.C.A.* §3730(e) and *Cal. Gov't Code* §12652(d)(1)(3)(A), *et seq.* The acts complained of herein occurred while Relator was employed by Defendants.

25.    Relator was employed by Defendants as a Dental Assistant.

26.    Defendants knowingly and fraudulently submitted false claims, bills, records, and data to the government of the United States of America and State of California, for the purpose of obtaining payment or approval in connection with Medicare and Medi-Cal. Defendants further knowingly and fraudulently made statements in support of false claims, bills, records, and data submitted to the governments of the United States of America and the State of California, for the purpose of obtaining monies in connection with Medicare, Medi-Cal, and private insurers.

27.    Defendants were in the business of providing dental services to persons in nursing homes, rehabilitation homes, psychiatric units, and private homes. For this purpose, Defendants employed dentists and dental assistants to travel by approximately 10 to 15 mini-vans to such locations and perform dental services "on location." Each "team" consisting of a dentist and one or more dental assistants (one team per van) was expected to attain a "production" of $2,700 worth of billable dental services each working day.

ARIAS, OZZELLO & GIGNAC, LLP

Relator heard Defendant GLADKOV and Defendants' office manager Marco Alonzo communicate this requirement in daily meetings attended by the dentists and dental assistants.

28.    As an integral part of carrying out their business, and specifically to achieve the goal of $2,700 in daily production by each dentist, Defendants knowingly ordered and directed employees to falsify charges for dental services, including: (a) submitting claim forms listing services performed by dentists but signed by dental assistants and other non-dentists in falsified handwriting purporting to be that of the treating dentist; (b) charging for dental services which were performed by persons not licensed to perform them; (c) charging for dental services performed in such a cursory manner as to not constitute or resemble the services charged; and, (d) charging for dental services performed against patients' wishes and without their consent.

29.    Relator, and others, have personal and direct knowledge of Defendants' submitting claim forms to Medicare, Medi-Cal, and private insurers listing services performed by dentists but signed by dental assistants and other non-dentists in falsified handwriting purporting to be that of the treating dentist.  While working for Defendants as a dental assistant, Relator was on multiple and regular occasions ordered to, and did, fill out the double-carbon (white/yellow/pink) form used to bill Medicare, Medi-Cal, and private insurers, which Relator filled out in his own handwriting, and to sign the form in a manner purporting to be the signature of the treating dentist.  Relator was ordered to so fill out and sign the form by the following dentists who worked for Defendants:    Carmen Eugenio, DDS; Andrew Rastegar, DDS; Mitra Mashreghi, DDS; Alireza Mashreghi, DDS; Abdolreza Saffari, DDS; Maria Pellegrini, DDS; and Danon Garrison, DDS.

30.    Relator, and others, have personal and direct knowledge of Defendants' charging Medicare, Medi-Cal, and private insurers for dental

services performed by persons not licensed to perform them. While working for Defendants as a dental assistant, Relator was on multiple and regular occasions ordered to, and did, perform cleanings, deep cleanings, sutures, and cementing of crowns and bridges. Relator was ordered to perform these tasks, and to fill out the claim forms as though the dentists had performed them, by the following dentists who worked for Defendants: Carmen Eugenio, DDS; Andrew Rastegar, DDS (a.k.a. Alireza Rastegar); Mitra Mashreghi, DDS; Alireza Mashreghi, DDS; and Danon Garrison, DDS. Moreover, Leon (last name unknown) ("Leon"), an old acquaintance of Defendant GLADKOV and a licensed dentist in his native Russia (although not in California), on multiple and regular occasions was ordered by Defendants to, and did, prepare, fit, and deliver dentures to patients. On numerous such occasions, Relator accompanied Leon to such appointments and witnessed him perform the denture work for patients and sign the claim forms purportedly as Defendant GLADKOV.

31. Relator has personal and direct knowledge of Defendants' charging Medicare, Medi-Cal, and private insurers for dental services performed in such a cursory manner as to not constitute or resemble the services charged. While working for Defendants as a dental assistant, Relator was on multiple and regular occasions ordered to, and did, perform purported "cleanings" and "deep cleanings" without actually performing these services, instead cursorily touching patients' gums with gauze or applying mouthwash or other superficial mouth cleansers, all the while charging Medicare and Medi-Cal for full cleanings and deep cleanings. Relator was ordered to perform these tasks, and to fill out the claim forms as though the dentists had performed them, by the following dentists who worked for Defendants: Carmen Eugenio, DDS; Andrew Rastegar, DDS; Mitra Mashreghi, DDS; Alireza Mashreghi, DDS; and Danon Garrison, DDS.

COMPLAINT

32.   Moreover, Defendant BENITEZ on multiple and regular occasions performed purported "deep cleanings" without actually performing them, instead merely viewing and cursorily touching patients' gums, all the while charging Medicare and Medi-Cal for full cleanings and deep cleanings.  On numerous such occasions, Relator accompanied Defendant BENITEZ to such appointments and witnessed him perform such cursory services on up to 20 patients per day, all the while charging for full cleanings and deep cleanings (except in cases where members of the patient's family were present in which case Defendant BENITEZ in fact performed what was being charged).

33.   Relator, and others, have personal and direct knowledge of Defendants' charging Medicare, Medi-Cal, and private insurers for dental services performed against patients' wishes and without their consent.  While working for Defendants as a dental assistant, Relator was on multiple and regular occasions ordered to, and did, assist the dentist in forcibly holding down patients to enable the dentist to extract the patient's teeth to make room for a full set of dentures.  Relator was ordered to perform these tasks, and to fill out the claim forms charging for the extractions, by the following dentists who worked for Defendants:  Carmen Eugenio, DDS (estimated five to six times); Andrew Rastegar, DDS (one or two times); Mitra Mashreghi, DDS (two to three times); Alireza Mashreghi, DDS (four to five times); and Danon Garrison, DDS (two times).

34.   As a result of the Defendants' unlawful and fraudulent actions alleged herein, the governments of the United States of America and the State of California were damaged, defrauded and induced into paying monies to Defendants based upon false claims, false bills, and for dental services supposedly, but not actually, performed by Defendants.

35.   Defendants have engaged in the systematic widespread practice of unlawful business practice of fraudulent billing and submitting false claims to

ARIAS, OZZELLO & GIGNAC, LLP

COMPLAINT

the governments of the United States of America and the State of California for Medicare and Medi-Cal payments and/or reimbursements.

36.    The extent of the false claims submitted by Defendants, as described herein, is unknown to Relator.  However, as an estimate, assuming the $2,700-per-dentist daily production requirement imposed by Defendants was realized by ten dentists five days a week, fifty weeks per year, for five years, and assuming half of those billings were fraudulent, then the total false claims during that five-year period would be approximately $16,000,000.

## V.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Violation of the False Claims Act, 31 U.S.C. §§ 3729-3733

### and Cal. Gov't Code 12651, et. seq.)

### (Against all Defendants)

37.    Relator re-alleges, and incorporates by reference, each and every allegation contained in paragraphs 1 through 36.

38.    Defendants submitted false claims, records, and data to the governments of the United States of America and State of California. Defendants knowingly and unlawfully made false statements, and produced false information in support of their claims, to the governments of the United States of America and the State of California.

39.    Defendants' false claims and statements were made with the intent to defraud the governments of the United States of America and State of California, regarding Medicare and/or Medi-Cal patients, and medical services and medication provided for Medicare and Medi-Cal patients. Defendants made these false claims and statements for the purpose of obtaining payments and/or approval on dental services and procedures. Additionally, Defendants

ARIAS, OZZELLO & GIGNAC, LLP

COMPLAINT

1    failed to actually render supposed dental services and procedures submitted
2    and billed to the governments of the United States of America and State of
3    California for Medicare and Medi-Cal patients.

4        40.   At all relevant times, Defendants had specific knowledge of the
5    false claims and/or false statements associated with certain Medicare and
6    Medi-Cal patients, and/or should have known that said false claims and false
7    statements associated with certain Medicare and Medi-Cal patients and dental
8    services, were submitted to the governments of the United States of America
9    and State of California.

10        41.   As a direct and proximate result of Defendants' conduct, the
11    Governments of the United States of America and State of California have
12    suffered economic losses and other damages, including but not limited to
13    monies expended for Medicare and/or Medi-Cal patients.  The full extent of
14    such damages shall be shown according to proof at time of trial.

15        42.   The aforementioned conduct of Defendants was oppressive,
16    malicious, despicable and carried on with a willful and conscious disregard of
17    the law, thereby warranting the assessment of penalties and punitive damages
18    against Defendants in an amount to be shown according to proof at the time of
19    trial.

### SECOND CLAIM FOR RELIEF

**(Conspiracy to Defraud the Governments of the United States**

**of America and State of California in Violation of the**

**False Claims Act, 31 *U.S.C.* §§ 3729-3733**

**and *Cal Gov't Code* 12651 *et. seq.*)**

**(Against all Defendants)**

26        43.   Relator re-alleges, and incorporates by reference, each and every
27    allegation contained in paragraphs 1 through 42.

28        44.   Defendants knowingly and unlawfully conspired to defraud the

governments of the United States of America and State of California by submitting false claims, records, data to obtain monies, payments and reimbursement for Medicare and Medi-Cal patients. Defendants further conspired to defraud the governments of the United States of America and State of California by knowingly and purposefully failing to provide proclaimed dental services to Medicare and Medi-Cal patients.

45. Additionally, Defendants conspired to violate established and mandatory medical protocols and regulations, in violation of 31 *U.S.C.* §3729, *et seq.* and *Cal. Gov't Code* §12651, *et seq.*

46. At all relevant times, Defendants had specific knowledge of the false claims and/or false statements associated with certain Medicare and Medi-Cal patients, and/or should have known that these false claims, false statements and dental services associated with certain Medicare and Medi-Cal patients, were submitted to the governments of the United States of America and State of California.

47. At all relevant times, Defendants had specific knowledge of the false claims and/or false statements associated with certain dental services, and/or should have known that said false claims and/or false statements associated with certain dental services were submitted to the governments of the United States of America and State of California.

48. As a direct and proximate result of Defendants' conduct, the governments of the United States of America and State of California have suffered economic losses and other damages, including but not limited to monies expended for Medicare and/or Medi-Cal patients. The full extent of such damages shall be shown according to proof at time of trial.

49. The aforementioned conduct of Defendants was oppressive, malicious, despicable and carried on with a willful and conscious disregard of the law, thereby warranting the assessment of penalties and punitive damages

**COMPLAINT**

ARIAS, OZZELLO & GIGNAC, LLP

against Defendants in an amount to be shown according to proof at the time of trial.

## VI.

## PRAYER

Wherefore, the United States of America and the State of California, *ex rel.*, through Relator, pray for judgment against Defendants as follows:

1. <u>Damages.</u>

    a.    Damages, payable to the United States Government, for three times the amount of damages which the United States Government has sustained because of the acts of Defendants, pursuant to 31 *U.S.C.* § 3729(a);

    b.    Statutory civil penalties of not less than $5,000 and not more than $10,000 for each false claim submitted to the United States, pursuant to 31 *U.S.C.* § 3729(a);

    c.    Damages, payable to the Government of the State of California, for three times the amount of damages which the Government of the State of California has sustained due to the acts of Defendants, pursuant to *Cal. Gov't Code* § 12651(a);

    d.    Statutory civil penalties of up to ten thousand dollars ($10,000.00) for each false claim submitted to the State of California, pursuant to *Cal. Gov't Code* § 12651(a);

    e.    For bringing this action on behalf of the United States Government, *qui tam* Relator is entitled to an award of not less than twenty-five percent (25%) percent and not more than thirty percent (30%) of the proceeds of the action collected by the United States Government if the

**COMPLAINT**

ARIAS, OZZELLO & GIGNAC, LLP

Government does not proceed with an action under this section; if the Government does intervene and proceed with this action, *qui tam* Relator is entitled to at least fifteen (15%) but no more than twenty-five (25%) of the proceeds of the action collected by the Government, as a result of instituting this action, pursuant to 31 *U.S.C.* §3730(d)

  f. For bringing this action on behalf of the Government of the State of California, *qui tam* Relator is entitled of an award of not less than twenty-five percent (25%) percent and not more than fifty percent (50%), if the Government does not proceed with an action under this section; if the Government does proceed with this action under this section, qui tam Relator is entitled to receive at least fifteen (15%) percent but not more than thirty-three (33%) percent of the proceeds of the action collected by the State of California, as a result of the institution of this action, pursuant to *Cal. Gov't Code* §12652(g)(2);

2. Costs and Attorney fees incurred as a result of bringing this action pursuant to 31 *U.S.C.* §3730(d), 31 *U.S.C.* §3730(h), *Cal. Gov't Code* §12652(g)(8), and *Cal. Gov't Code* §12653(c), respectively;

3. For orders compelling the restitution and disgorgement of monies;

4. For general damages in an amount yet to be ascertained;

5. For compensatory damages in an amount yet to be ascertained;

6. For exemplary damages in an amount yet to be ascertained;

7. For prejudgment interest according to law in an amount yet to be ascertained; and

8. For temporary and permanent injunctive relief, including an Order compelling Defendants to Cease submitting false claims, bills, data, lab

ARIAS, OZZELLO & GIGNAC, LLP

COMPLAINT

reports, and misinformation to the governments of the United States of America and State of California, private insurers and private individuals.

Dated: December 21, 2009                  ARIAS, OZZELLO & GIGNAC, LLP


By: _____
     MARK A. OZZELLO, ESQ.

     Attorneys for Relator

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Relator hereby demands a trial by jury of all issues so triable.

Dated: December 21, 2009             ARIAS, OZZELLO & GIGNAC, LLP

By: _____
     MARK A. OZZELLO, ESQ.

     Attorneys for Relator

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV09- 9348 RGK (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [_] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THE UNITED STATES OF AMERICA; THE STATE OF CALIFORNIA ex rel. DANIEL OJEDA, an individual,

**DEFENDANTS**
ALEX GLADKOV, D.D.S., INC., a California corporation; ALEXANDER GREGORY GLADKOV, an individual; DENTAL HYGIENE ASSOCIATES, a California corporation; AARON BENJAMIN BENITEZ, an individual; and

DOES 1 through 10 , inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Mike Arias, Esq. (CSB #115385), Mark A. Ozzello, Esq. (CSB #116595)
ARIAS, OZZELLO & GIGNAC, LLP, 6701 Center Drive West, Suite 1400
Los Angeles, California 90045, Telephone: (310) 670-1600

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No        ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
31 U.S.C. § 3729 (False Claims).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-9348

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        **CIVIL COVER SHEET**        Page 1 of 2

ORIGINAL

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  December 21, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |